22788

In the Matter of William Stuart DAVIES, Jr.

(362 S. E. (2d) 9)

Supreme Court

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. William K. Moore, Asst. Atty. Gen. B. J. Willoughby,* Columbia, *for complainant.*

*Wilburn Brewer, Jr.,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondent.*

Submitted Oct. 12, 1987.

Decided Nov. 9, 1987.

*Per Curiam:*

In this attorney grievance matter, respondent has conditionally admitted the allegations against him and consents to a public reprimand. We accept the conditional admission and publicly reprimand the respondent.

Respondent is a senior partner of a large law firm in Columbia. In December 1986, respondent drafted a form letter which was sent to approximately fifty workers' compensation clients. The letter reads in part:

> Enclosed please find a copy of a newspaper article concerning Governor Dick Riley's decision to become a partner in our law firm.... As every member of the Workers' Compensation Commission has been appointed or reappointed by Governor Riley at this point, hopefully this will help us in the future.

DR 9-101(C), Supreme Court Rule 32, prohibits an attorney from stating or implying "that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official." The letter written by respondent violates this provision by suggesting that the

association of Governor Riley will allow the firm to improperly influence members of the Workers' Compensation Commission.

This conduct undermines the public's confidence in the impartiality of the legal system. Accordingly, we publicly reprimand respondent for his conduct in this matter.

Public reprimand.